IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OSCAR VARELA,

    Plaintiff,

v.

SAN FRANCISCO CITY & COUNTY, ALAN LEVY, JOHN DOE TOOMEY, DOE ONE, DOE TWO, DOE THREE, AND DOE FOUR,

    Defendants.

No. C 06-01841 WHA

**ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF'S FOURTH CAUSE OF ACTION**

## INTRODUCTION

In this action for assault and battery, false arrest, false imprisonment, and deprivation of constitutional rights, defendants move for judgment on the pleadings pursuant to FRCP 12(c) as to plaintiff's claim for deprivation of constitutional rights. Because Varela fails to plead facts on which relief could be granted, defendant's motion for judgment on the pleadings is **GRANTED,** and accordingly, plaintiff's fourth claim for deprivation of constitutional rights is **DISMISSED**.

## STATEMENT

Plaintiff Oscar Varela filed a complaint against defendants City and County of San Francisco, San Francisco police officer Alan Levy, a San Francisco police officer identified as John Doe Toomey, and two San Francisco police officers identified as John Doe (Compl. ¶ 2).

Varela alleges that he was lawfully in his home on October 17, 2004, when at about 2:20 a.m., the officers entered his home without his consent and without a warrant (Compl. ¶¶ 3–4). Varela further alleges that the police officers committed assault and battery against him and falsely arrested him (Compl. ¶ 6).

He filed a complaint in California Superior Court alleging state law claims of assault and battery, false arrest, and false imprisonment, and a claim for deprivation of constitutional rights. His claim for deprivation of constitutional rights alleged only that his constitutional rights were violated because he was falsely arrested and imprisoned, and that he was deprived of due process. It incorporated his other claims by reference.

The action was removed from Superior Court to federal district court on March 10, 2006. Defendants filed the instant motion for judgment on the pleadings on November 2, 2006. After several reminders from defendants' counsel and from the court, plaintiff finally filed an opposition to defendants' motion on December 8, 2006, some two weeks after it was due and less than one week before the hearing was to be held.

**ANALYSIS**

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FRCP 12(c). A motion for judgment on the pleadings is evaluated according to virtually the same legal standard as a motion to dismiss under FRCP 12(b)(6), in that the pleadings are construed in the light most favorable to the non-moving party. *Brennan v. Concord EFS, Inc.*, 369 F. Supp.2d 1127, 1130-31 (N.D. Cal. 2005). "Conclusory allegations of law and unwarranted inferences" are insufficient to defeat a Rule 12 motion. *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). "Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

Plaintiff seems to be bringing a due process claim under the Fourteenth Amendment, as the Fourteenth Amendment's due process clause protects against action by state governments.

*Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001).  The exclusive remedy for vindicating alleged violations of constitutional rights by state actors is 42 U.S.C. 1983.  If a plaintiff has a remedy available to him under 42 U.S.C. 1983, direct constitutionally-based claims against state defendants are not permitted.  *Ward v. Caulk*, 650 F.2d 1144, 1148 (9th Cir. 1981).

Plaintiff alleges state and federal due process claims, but tries to bring them as direct constitutional claims, presumably under the law of substantive due process.  He is clearly not allowed to do this as a remedy may be available to him under 42 U.S.C. 1983.  Plaintiff goes on to argue that what he alleged constitutes a Section 1983 claim.  Even if plaintiff were bringing a Section 1983 claim, he does not identify the source of his due process rights or allege which of his constitutional rights were violated.

In support of his claim, plaintiff alleged that he was deprived of his constitutional rights because he was falsely arrested and imprisoned.  Plaintiff's argument fails, however, because the Fourth Amendment, and not due process principles, governs false arrest and false imprisonment pursuant to such arrest.  *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002).  Plaintiff fails to allege that his Fourth Amendment rights were violated, thus he has not pleaded a cognizable legal theory.  Varela's claim fails as a matter of law.

Plaintiff argues that because his complaint was removed from state court to federal court, his pleadings should be judged under California Civil Procedure.  The Federal Rules of Civil Procedure apply to actions in federal court.  *Hanna v. Plumer*, 380 U.S. 460, 473–474 (1967).  Because the federal rules apply, Varela's claim must be judged under FRCP 8(c) which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Additionally, plaintiff's reliance on Cal. Civ. Proc. 425.10 does him little good because it requires "a statement of facts constituting the cause of action."  As discussed above, plaintiff's claim for deprivation of constitutional rights neither shows that he is entitled to relief nor states a cause of action.

Pursuant to statements made by plaintiff's counsel at oral argument, all references to the Constitution of the State of California are hereby **STRICKEN** from plaintiff's fourth cause of action for deprivation of constitutional rights.

**CONCLUSION**

For all the reasons mentioned above, defendants' motion for judgment on the pleadings as to plaintiff's fourth cause of action for deprivation of constitutional rights is **GRANTED**. Accordingly, plaintiff's fourth cause of action is **DISMISSED**.

**IT IS SO ORDERED.**

Dated: December 14, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4