IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR VARELA,<br><br>    Plaintiff,<br><br>  v.<br><br>SAN FRANCISCO CITY & COUNTY, ALAN LEVY, JOHN DOE TOOMEY, DOE ONE, DOE TWO, DOE THREE, AND DOE FOUR,<br><br>    Defendants.<br>                                                                / | No. C 06-01841 WHA<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFF'S FOURTH CAUSE OF ACTION** |

## INTRODUCTION

In this action for assault and battery, false arrest, false imprisonment, and deprivation of constitutional rights, defendants move for judgment on the pleadings pursuant to FRCP 12(c) as to plaintiff's claim for deprivation of constitutional rights. Because plaintiff has alleged facts that if true, would entitle him to relief, defendants' motion for judgment on the pleadings is **DENIED**.

## STATEMENT

Plaintiff Oscar Varela filed this complaint against defendants City and County of San Francisco, San Francisco police officer Alan Levy, a San Francisco police officer identified as John Doe Toomey, and two San Francisco police officers identified as John Doe (Compl. ¶ 2). Varela alleges that he was lawfully in his home on October 17, 2004, when at about 2:20 a.m.,

the officers entered his home without his consent and without a warrant (Compl. ¶¶ 3–4). Varela further alleges that the police officers committed assault and battery against him and falsely arrested him (Compl. ¶ 6).

He filed a complaint in California Superior Court alleging state law claims of assault and battery, false arrest, and false imprisonment, and a claim for deprivation of constitutional rights. His claim for deprivation of constitutional rights alleged only that his constitutional rights were violated because he was falsely arrested and imprisoned, and that he was deprived of due process. It incorporated his other claims by reference.

The action was removed from Superior Court to federal district court on March 10, 2006. Defendants filed the instant motion for judgment on the pleadings on November 2, 2006. After several reminders from defendants' counsel and from the court, plaintiff finally filed an opposition to defendants' motion on December 8, 2006, some two weeks after it was due and less than one week before the hearing was to be held.

## ANALYSIS

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." FRCP 12(c). A motion for judgment on the pleadings is evaluated according to virtually the same legal standard as a motion to dismiss under FRCP 12(b)(6), in that the pleadings are construed in the light most favorable to the non-moving party. *Brennan v. Concord EFS, Inc.*, 369 F. Supp.2d 1127, 1130-31 (N.D. Cal. 2005). "A judgment on the pleadings is properly granted when, taking all allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998). "Conclusory allegations of law and unwarranted inferences" are insufficient to defeat a Rule 12 motion. *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

Defendants argue that plaintiff must be bringing a due process claim under the Fourteenth Amendment because he pleads that his constitutional rights were violated by state actors. Since Varela did not plead a claim under 42 U.S.C. 1983, the exclusive remedy for violations of due process rights, he must be pleading a substantive due process claim. Direct,

2

constitutionally-based claims are not permitted where a remedy under Section 1983 would be available, defendants argue, so plaintiff's claim fails as a matter of law. *Ward v. Caulk*, 650 F.2d 1144, 1148 (9th Cir. 1981).

This argument overlooks the possibility that plaintiff has pleaded a violation of his Fourth Amendment rights and not his due process rights. Admittedly, plaintiff's fourth claim for deprivation of constitutional rights is unclear, however, lack of clarity is not fatal. Plaintiff argues in his opposition that he has, in fact, pleaded a claim under 42 U.S.C. 1983. However, plaintiff alleged entry and arrest with out a warrant in his fourth claim. The Fourth Amendment, and not due process principles, governs the law of search and seizure, so plaintiff could not have stated a due process claim under 42 U.S.C. 1983. *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002). Accordingly, Varela's fourth claim will be treated as a Fourth Amendment claim. Because of this, this order need not reach defendants' arguments relating to the California due process clause.

Despite plaintiff's arguments to the contrary, the Federal Rules of Civil Procedure apply here. *Hanna v. Plumer*, 380 U.S. 460, 473–474 (1967). Under FRCP 8(a), a claim must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Incorporating the allegations of Varela's other claims into his fourth claim, plaintiff has alleged that police entered his house and arrested him without permission or a warrant. Taking these allegations as true, plaintiff's Fourth Amendment rights were violated. Varela has stated a claim, and issues of material fact still remain, so judgment on the pleadings is not warranted.

Pursuant to statements made by plaintiff at oral argument, all references to the Constitution of the State of California, and any claims thereunder, are hereby **STRICKEN** from plaintiff's fourth claim for deprivation of constitutional rights.

**CONCLUSION**

For all the reasons mentioned above, defendants' motion for judgment on the pleadings as to plaintiff's fourth cause of action for deprivation of constitutional rights is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 14, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE