**United States District Court**
For the Northern District of California

1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT

7

8            FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   OSCAR VARELA,                                No. C 06-01841 WHA

11              Plaintiff,

12       v.                                       **ORDER GRANTING
                                                  DEFENDANT'S MOTION FOR**
13   SAN FRANCISCO CITY & COUNTY,                 **PARTIAL SUMMARY**
     ALAN LEVY, JOHN DOE TOOMEY, DOE              **JUDGMENT**
14   ONE, DOE TWO, DOE THREE, and DOE
     FOUR,
15

16              Defendants.
                                           /
17

18                           **INTRODUCTION**

19       In this action for assault and battery, false imprisonment, false arrest, and deprivation of

20   constitutional rights, defendant City and County of San Francisco moves for summary judgment

21   on plaintiff's claim for violation of constitutional rights and plaintiff's claims for punitive

22   damages.  Defendant has shown that there are no triable issues of fact as to plaintiff's claim for

23   violation of constitutional rights against the City.  All of plaintiff's claims for punitive damages

24   against the City are barred as a matter of law.  Accordingly, defendant's motion for partial

25   summary judgment is **GRANTED**.

26                            **STATEMENT**

27       Plaintiff Oscar Varela filed a complaint against defendants City and County of San

28   Francisco, San Francisco police officer Alan Levy, a San Francisco police officer identified as

     John Doe Toomey, and two other San Francisco police officers identified as John Doe (Compl.

**United States District Court**
For the Northern District of California

1  ¶ 2).  Varela alleged that he was lawfully in his home on October 17, 2004, when at about 2:20

2  a.m., the officers entered his home without his consent and without a warrant (Compl. ¶¶ 3–4).

3  Varela further alleged that the police officers committed assault and battery against him and

4  falsely arrested him (Compl. ¶ 6).  According to the deposition of Joel Rodriguez Morales, the

5  officers hit Varela in the eye with a flashlight (Opp. Exh. A at 29:6–15).  Varela was also

6  pushed to the ground by one of the officers (*id*. at 39:5–12).

7          Varela filed a complaint in California Superior Court alleging state-law claims of false

8  arrest, false imprisonment, assault and battery, and violation of his federal constitutional rights.

9  The action was timely removed to federal court on March 10, 2006.  A prior order dated

10  December 14, 2006, held that plaintiff's claim for violation of constitutional rights pleaded a

11  violation of his Fourth Amendment rights.  Defendant City filed this motion on December 20,

12  2006, asking for summary judgment on Varela's fourth claim and on punitive damages for all

13  claims.  Plaintiff's opposition was due January 4, 2007, but was not filed until January 11, 2007.

14  Once filed, the opposition was less than two pages in length and cited no case law or statutes.

15  This motion comes after discovery has ended and shortly before trial.

16                                          **ANALYSIS**

17          Summary judgment should be granted where the pleadings, discovery, and affidavits

18  show "that there is no genuine issue as to any material fact and that the moving party is entitled

19  to judgment as a matter of law."  FRCP 56(c).  The moving party has the initial burden of

20  production to demonstrate the absence of any genuine issue of material fact.  *Playboy*

21  *Enterprises, Inc. v. Netscape Communications Corp.*, 354 F.3d 1020, 1023–24 (9th Cir. 2004).

22  Once the moving party has met its initial burden, the nonmoving party must "designate specific

23  facts showing there is a genuine issue for trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24

24  (1986).  "If the moving party shows the absence of a genuine issue of material fact, the non-

25  moving party must go beyond the pleadings and 'set forth specific facts' that show a genuine

26  issue for trial."  *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (citation

27  omitted).

28

United States District Court

For the Northern District of California

1    **1.    VARELA'S FOURTH CLAIM AGAINST THE CITY.**

2         Municipalities and local governments can be sued directly for violations of

3    constitutional rights under 42 U.S.C. 1983 where government officials were acting pursuant to

4    an official policy or recognized custom. *Monell v. Dept. of Social Serv. of New York*, 436 U.S.

5    658, 690 (1978).  The plaintiff must identify the policy or custom which caused the violation.

6    "The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was

7    the "moving force" behind the conduct alleged.  That is, a plaintiff must show that the

8    municipal action was taken with the requisite degree of culpability and must demonstrate a

9    direct causal link between the municipal action and the deprivation of federal rights." *Bd. of*

10   *County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997) (emphasis in original).

11        In his complaint, plaintiff alleged that the City violated his Fourth Amendment rights;

12   defendant police officers entered his apartment without a warrant and without probable cause.

13   Now and for the first time, he argues that police used excessive force in arresting him.  In his

14   one-and-a-half page opposition brief, Varela argues that a police officer struck him in the face

15   with a flashlight, and then threw him to the ground and stepped or kneeled on his neck.  Varela

16   seems to be identifying this as defendant's custom or policy.  He also presents an unsworn,

17   unauthenticated letter, evidently from the City's police practices trial expert, to show that such

18   force was used pursuant to a recognized custom or policy.

19        Only admissible evidence can create a triable issue of fact on summary judgment.

20   Unauthenticated documents cannot be considered on a motion for summary judgment. *Hal*

21   *Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1559 (9th Cir. 1990).  On a

22   motion for summary judgment, deposition transcripts are authenticated when they identify the

23   names of the deponent and the action, and include the court reporter's certification. *Orr v. Bank*

24   *of America, N.T., S.A.,* 285 F.3d 764, 773 (9th Cir. 2002).  Varela presents what purport to be

25   pages from a deposition transcript identified in his opposition as the deposition of Joel

26   Rodriguez Morales.  Varela does not cite to specific passages of the deposition transcript in

27   support of his arguments.  He does not even identify Morales in his opposition or say how

28   Morales might have knowledge of the events.  The deposition transcript itself does not identify

3

1   whose deposition was being taken or if they were under oath.  Nor does it have a court

2   reporter's certification.  Accordingly, this material is unauthenticated and cannot be used to

3   show a triable issue of fact.

4       In the absence of his own expert report, Varela attempts to rely on the unsworn report of

5   the City's police practices expert, Don Cameron.  Because he is the City's expert, there is no

6   guarantee that the City will call him as a witness as trial.  Here, the burden is on the plaintiff to

7   show what his case-in-chief will be.   He has not done so.  Furthermore, plaintiff contends that

8   the report stands for the proposition that stepping or kneeling on a suspect's neck is a technique

9   approved for all situations.  The report merely says that technique is a reasonable use of force

10  on a resisting suspect.  Even if the letter could create a triable issue of fact, much like the

11  deposition excerpts, the letter is unsworn and unauthenticated.  It is not attached to a declaration

12  or affidavit attesting to its authenticity.  Plaintiff has not authenticated any of the material on

13  which he relies.  Accordingly, this material is not admissible and cannot be used to create

14  triable issues of fact.  Defendant's motion is **GRANTED**.

15          **2.      VARELA'S CLAIMS FOR PUNITIVE DAMAGES.**

16      The City also moves for summary judgment on all of Varela's claims for punitive

17  damages.  Municipalities cannot be held liable for punitive damages for violations of federal

18  constitutional rights under 42 U.S.C. 1983.  *City of Newport v. Fact Concepts, Inc*., 453 U.S.

19  247, 271 (1981).  Also, under California law, public entities are not held liable for "damages

20  imposed primarily for the sake of example and by way of punishing the defendant" absent

21  homicide, oppression, fraud, or malice.  Cal. Gov. Code §§ 818, 3294.

22      In plaintiff's two-page opposition, he does not oppose defendant's legal arguments that

23  he is not entitled to punitive damages.  He merely states in conclusory fashion that because of

24  Varela's injuries, the City is liable for punitive damages.  Varela is barred from seeking

25  punitive damages from the City on his federal constitutional claim.  Furthermore, even taking

26  his bare, unsupported assertions of fact as true, he has not raised a triable issue of fact as to

27  whether the City's actions included homicide, oppression, fraud, or malice.  Accordingly,

28

*United States District Court*
For the Northern District of California

1   Varela is not entitled to punitive damages on his state-law claims as a matter of law.

2   Defendant's motion is **GRANTED**.

3                                    **CONCLUSION**

4           For all the above-stated reasons, defendant's motion for partial summary judgment as to

5   plaintiff's fourth claim and claims for punitive damages is **GRANTED**.

6

7           **IT IS SO ORDERED.**

8

9   Dated:  January 25, 2007

10                                    WILLIAM ALSUP
                                      UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

5